# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO.: 1:15-CR-35-TLS |
|  | ) |  |
| JEREMY HANDSHOE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss 18 U.S.C. § 924(e) Allegations Contained in Count 1 and Count 2 [ECF No. 44], filed on July 7, 2016. For the reasons set forth in this Opinion and Order, the Court grants the Defendant's Motion.

## BACKGROUND

On June 24, 2015, the Government filed a two-count Indictment [ECF No. 1], charging the Defendant with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Counts 1 and 2 allege that the Defendant possessed a firearm on two separate dates; Count 1 applies to conduct that occurred on or about February 26, 2015 and Count 2 applies to conduct that occurred on or about April 1, 2015. In each count, the Government also charged the Defendant under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which provides, in relevant part: "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned

not less than fifteen years." Both counts of the Indictment included the following predicate offenses for an enhanced punishment under § 924(e):

> On or about October 10, 1997, Jeremy Handshoe was convicted and sentenced in the Noble County Circuit Court, Albion, Indiana, in Cause No. 57C01-9705-CF-000054, of Burglary, a Class C Felony; and
>
> On or about December 14, 1998, Jeremy Handshoe was convicted and sentenced in the Noble County Circuit Court, Albion, Indiana, in Cause No. 57C01-9907-CF-000047, of Burglary, a Class C Felony; and
>
> On or about May 17, 2007, Jeremy Handshoe was convicted and sentenced in the Noble County Circuit Court, Albion, Indiana, in Cause No. 57C01-0603-FC-000017, of Burglary, a Class C Felony.

(Indictment 1–2, ECF No. 1.)

On July 7, 2016, the Defendant filed a Motion to Dismiss 18 U.S.C. § 924(e) Allegations Contained in Count 1 and Count 2 [ECF No. 44], arguing that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Defendant's three burglary convictions cannot serve as ACCA predicate offenses. On July 21, 2016, the Government filed its Response [ECF No. 46]. On July 26, 2016, the Defendant filed his Reply [ECF No. 47]. With this matter fully briefed, the Court grants the Defendant's Motion to Dismiss.

**STANDARD OF REVIEW**

To be sufficient, an indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It must also cite to the applicable statute. *Id.* The Seventh Circuit has stated that an indictment "must fulfill three distinct functions. First, the indictment must state all of the elements of the crime charged; second, it must adequately apprise the defendant of the nature of the charges so that he may prepare a defense; and third, it must allow the defendant to plead the judgment as a bar to any

future prosecutions for the same offense." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000).

A defendant may allege that an indictment is defective for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (quoting *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006)). "To successfully challenge the sufficiency of an indictment, a defendant must demonstrate that the indictment did not satisfy one or more of the required elements and that he suffered prejudice from the alleged deficiency." *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013) (citing *United States v. Dooley*, 578 F.3d 582, 589–90 (7th Cir. 2009)). Ultimately, the question on a motion to dismiss is not whether the indictment alleges sufficient facts from which a jury could find guilt, but rather whether the government conceivably could produce such evidence at trial. *United States v. Castor*, 558 F.2d 379, 384 (7th Cir. 1977).

**DISCUSSION**

The Defendant argues that his burglary convictions are not violent felonies because Indiana burglary, Ind. Code § 35-43-2-1, is broader than the elements of generic burglary. Specifically, the Defendant asserts that the ability to commit burglary under section 35-43-2-1 by breaking or entering through a fence means it does not constitute generic burglary under the ACCA. In response, the Government contends that the Defendant's claim is meritless because section 35-43-2-1 matches generic burglary under the ACCA, as fences are fixed-in-place

structures. Accordingly, the question before the Court is whether a fence is a "structure" that falls within the ACCA's generic burglary.

Under the ACCA, a "'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that—"

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B)(emphasis added). The italicized portion of the statute, known as the residual clause, was held unconstitutional. *Johnson v. United States*, 135 S. Ct. 2551, 2557–58, 2563 (2015). Therefore, if a defendant is sentenced under the ACCA, his previous convictions must qualify under the force clause, § 924(e)(2)(B)(i), or the four enumerated offenses, *id.* § (ii); *Johnson*, 135 S. Ct. at 2563.

The Government does not argue that Indiana burglary satisfies the force clause, and thus only asserts that burglary under section 35-43-2-1 is identical to burglary as enumerated in the ACCA. The ACCA, however, does not define burglary. "The Supreme Court, recognizing that the definition of burglary varies significantly from state to state, has adopted a uniform, generic definition of burglary for the purposes of § 924(e)." *United States v. King*, 62 F.3d 891, 896 (7th Cir. 1995). With this understanding that Congress referred only to the "generic versions" of burglary, arson, and extortion—"not to all variants of the offenses"—burglary means "a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime.'" *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)).

A crime is a predicate "burglary" offense under the ACCA "if its *elements* are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (*i.e.,* the facts of the crime) fits within the generic offense's boundaries." *Id.* at 2248. When presented with an indivisible statute, a court examines it by using the categorical approach, under which the court "lines up that crime's elements alongside those of the generic offense and sees if they match." *Id.*; *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008) (stating that the most innocent conduct penalized under the statute must match or be narrower than the generic offense to qualify as a "crime of violence" under the categorical approach (citing *Taylor*, 495 U.S. at 599–601)).

Separately, the modified categorical approach is used when a statute is divisible, meaning that a single statute defines multiple crimes by listing elements in the alternative. *Id.* at 2249 (explaining that this method, and its resort to the indictment, jury instructions, or plea agreement and colloquy, is used because the sentencing court needs to determine which alternative element was the basis of the defendant's conviction). A divisible statute is distinct from one that merely "enumerates various factual means of committing a single element." *Id.* The latter, to which the categorical approach still applies, exists when, for example, a burglary statute itemizes "the various places that crime could occur as disjunctive factual scenarios rather than separate elements, so that a jury need not make any specific findings (or a defendant admissions) on that score." *Id.* at 2249–50, 2253–54. Further, a legislative drafter's decision to not enumerate the various means, and instead leave those means implicit, does not alter the court's approach. *Id.* at 2256.

In this case, the parties agree that the categorical approach applies to section 35-43-2-1. The Court also agrees. In Indiana, "[a] person who breaks and enters the *building or structure* of another person, with the intent to commit a felony or theft in it, commits burglary, a [Class C] felony." Ind. Code § 35-43-2-1 (emphasis added).[1] The statute does not define "building or structure," but it is clear that section 35-43-2-1 is an alternatively phrased statute that lists means—not elements—signaling that the categorical approach applies. *Mathis*, 136 S. Ct. at 2256. Besides the face of the statute, which lists "building or structure" as alternative means to satisfy this single locational element, *see Joy v. State*, 460 N.E.2d 551, 558–59 (Ind. Ct. App.) (holding that the defendant committed burglary because his confederates entered a "structure"), a fence is a structure, even though not explicitly enumerated in the statute, *McCovens v. State*, 539 N.E.2d 26, 29 (Ind. 1989) ("The fence surrounding the business was a 'structure' as contemplated by Ind. Code § 35-43-2-1, its purpose being to protect the property on the premises." (citing *Joy*, 460 N.E.2d at 557–59)); *Calhoon v. State*, 842 N.E.2d 432, 435–36 (Ind. Ct. App. 2006) (collecting cases and accepting for the sake of argument that a three-sided fence is a structure).

The Indiana jury instruction for burglary confirms that section 35-43-2-1 is an alternatively phrased statute that lists means and is subject to the categorical approach. Indiana Pattern Jury Instruction No. 4.1100 (4th ed. 2016) informs a jury that

> Before you may convict the Defendant, the State must have proved each of the following beyond a reasonable doubt:
>
> (1) The Defendant

---

[1] Effective July 1, 2014, this statute was amended, in relevant part, to designate this offense a "Level 5 felony," rather than a "Class C felony." Act of May 6, 2013, Pub. L. 158-2013, § 460, 2013 Ind. Acts 1155, 1445–46. Otherwise, the relevant portion of the Indiana burglary statute is unchanged from when the Defendant was convicted. *See* Act of May 3, 1999, Pub. L. 88-1999, § 2, 1999 Ind. Acts 433–434; Act of Feb. 25, 1982, Pub. L. No. 204, § 36, 1982 Ind. Acts 1518, 1546–47.

(2) [knowingly] [intentionally]

(3) broke and entered

(4) the building or structure of (*name*)

(5) with the intent to commit a (felony, *name felony*) (theft) in it, by [*set out elements of object felony*]) (theft).

This drafting means that a jury could convict a defendant of burglary even if some jurors did not think the defendant broke and entered a building, provided that those unconvinced jurors still thought the defendant broke and entered a structure. *Mathis*, 136 S. Ct. at 2249, 2257 ("Suppose, for example, that one count of an indictment and correlative jury instructions charge a defendant with burgling a 'building, structure, or vehicle,'—thus reiterating all the terms of Iowa's law. That is as clear an indication as any that each alternative is only a possible means of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt."). Therefore, "the Court may ask only whether the *elements* of the state crime and generic offense make the requisite match." *Id.* at 2256.

The Government argues that section 35-43-2-1, which requires entry into a "building or structure," is not broader than ACCA generic burglary, which reaches a "building or other structure." *Taylor*, 495 U.S. at 598. For the Government, Indiana's acceptance of fenced-in areas as a means to satisfy this element does not conflict with ACCA generic burglary because a fence is stationary, unlike a boat or automobile that is mobile. In *Mathis*, the Supreme Court held that Iowa's burglary statute, which reaches "any building, structure, *[or] land, water, or air vehicle*," cannot support an ACCA sentence because, under the categorical approach, some means of fulfilling the Iowa statute's locational element do not satisfy the generic definition. 136 S. Ct. at 2250, 2257 (alteration in original and internal quotation marks omitted) (quoting Iowa Code

7

§ 702.12). Although remarking that "buildings and other structures, but not vehicles[,] satisfy the generic definition," the Court did not elaborate on exactly where the dividing line falls.[2]

Even if burglary of "a boat or motor vehicle" is not generic burglary, *Shepard v. United States*, 544 U.S. 13, 15–16 (2005), here, the Government has not cited any authority that holds a fenced-in area fits within generic burglary. Rather, to support this proposition, the Government cites *United States v. Brooks*, 468 F. App'x 623 (7th Cir. 2012) (unpublished order), and *United States v. Thornton*, 463 F.3d 693 (7th Cir. 2006). These cases do not construe Indiana's burglary statute, and both simply reiterate that a state burglary statute encompassing boats and cars is not generic burglary. *See Brooks*, 468 F. App'x at 626; *Thornton*, 463 F.3d at 701. In a non-precedential order decided pre-*Johnson*, which is not cited by the parties, the Seventh Circuit remarked that Indiana Code § 35-43-2-1 fits the definition of generic burglary announced in *Taylor*. *United States v. Vogt*, 588 F. App'x 497, 498 (7th Cir. 2015) (unpublished order).

---

[2] The parties in *Mathis* agreed that "Iowa's burglary statute . . . covers more conduct than generic burglary does," 136 S. Ct. at 2250 (first citing Brief for Petitioner at 36; and then citing Brief for United States at 44), and this posture may account for the more limited discussion about why the Iowa statute is overbroad. Despite the parties being in agreement, the extent of the agreement is not readily apparent. The Iowa burglary statute applies to an "occupied structure," which is defined as "any building, structure, appurtenances to buildings and structures, land, water, or air vehicle, or similar place adapted for overnight accommodation of persons, or occupied by persons for the purpose of carrying on business or other activity therein, or for the storage or safekeeping of anything of value." Iowa Code § 702.12. The government only stated that Iowa's burglary definition "is broader than generic burglary because it covers not only unlawful entry into a 'building' or 'structure,' but also unlawful entry into *other places*, such as 'vehicle[s].'" Brief for United States at 44, *Mathis*, 136 S. Ct. 2243 (2016) (No. 15-6092) (alteration in original and emphasis added) (quoting § 702.12) The petitioner repeatedly mentioned that the parties agreed that the definition of "occupied structure" is overly broad, Brief for Petitioner at 8, 15, 36, but the petitioner explained the nature of the agreement in detail only when summarizing the case's history at the district court level, *id.* at 8 ("The parties agreed that, because Iowa law defined 'occupied structure' to include not only buildings and structures but also vehicles, it swept more broadly than the generic burglary offense." (citing *Shepard v. United States*, 544 U.S. 13, 15–16 (2005))). Although this would show that the parties' agreement was limited to vehicles, the petitioner immediately followed this point by asserting "that Iowa's burglary statute is also overbroad because it includes 'appurtenances to buildings and structures,'" and cited cases holding that "'appurtenance' is [broadly] defined to include curtilage, *State v. Pace*, 602 N.W.2d 764, 770 (Iowa 1999) . . . and fenced enclosures, *State v. Hill*, 449 N.W.2d 626, 627–28 (Iowa 1989)." Brief for Petitioner at 8 & n.4. *Mathis* did not directly address this comment that the Iowa statute is overly broad because it reaches "fences," thus this Court looks to other authority for guidance in deciding whether fences are included in ACCA generic burglary.

However, the issue before the Court was whether the defendant's three burglary convictions should have been treated as one predicate offense given their temporal proximity, and the Court did not elaborate on the overlap between section 35-43-2-1 and *Taylor* in the process of granting counsel's *Anders* motion. *Vogt*, 588 F. App'x at 497–98; *see also United States v. Jennings*, 210 F.3d 376, at *1 (7th Cir. 2000) (unpublished table decision) (granting counsel's *Anders* motion because the Indiana statute in effect at the time of the defendant's convictions for "burglary of a business" contained the basic elements outlined in *Taylor*).[3]

Despite the parties not directing the Court to any controlling authority that discusses fenced-in areas and generic burglary, other Circuits have addressed this issue. In *United States v. Wenner*, the Ninth Circuit asked whether Washington's residential burglary statute is a "'crime of violence' under the Sentencing Guidelines." 351 F.3d 969, 971 (9th Cir. 2003). In answering "no," the court stated that, under Washington law, a "'building' can include a fenced area, a railway car, or a container." *Id.* at 972 (citing Wash. Rev. Code § 9A.04.110(5)). Because these "things . . . are not buildings or structures under federal law," the Washington burglary conviction "cannot support a conviction for generic 'burglary' under *Taylor*." *Id.* at 972–73 ("[B]urglarizing a fenced area that doubles as a dwelling is a residential burglary under Washington law, but not a 'burglary' under *Taylor* . . . ."); *see also United States v. Cloud*, — F. Supp. 3d. — , No. 2:10-CR-2077-RMP, 2016 WL 3647785, at *6–8 (E.D. Wash. June 24, 2016) (holding, post-*Mathis*, that Washington State residential burglary and second-degree burglary are

---

[3] The Seventh Circuit expressly declined to decide whether *Mathis* means that Illinois's burglary statutes are no longer ACCA predicate offenses. *Dawkins v. United States*, — F.3d — , 2016 WL 3854238, at *2 (7th Cir. July 15, 2016) (per curiam) ("But even if *Mathis* does make a district court's reliance on Illinois burglary suspect for purposes of the career-offender guideline or ACCA, which we do not decide now, [the defendant] asks for permission to bring this claim as part of a larger claim under *Johnson*. He has already been denied permission to file a successive § 2255 motion based on *Johnson*, so this claim is barred by 28 U.S.C. § 2244(b)(1)."). Other than *Dawkins*, the Seventh Circuit has not yet applied *Mathis* when considering a state burglary statute.

broader than generic burglary, and thus cannot be a predicate "crime of violence" under the Sentencing Guidelines); *Murray v. United States*, No. 15-CV-5720 RJB, 2015 WL 7313882, at *1, *3–4 (W.D. Wash. Nov. 19, 2015) (applying *Wenner* and vacating defendant's status as an armed career criminal after he pled guilty to an indictment charging violations of 18 U.S.C. §§ 922(g)(1) and 924(e)(1)).

The Third Circuit also reached a similar conclusion when analyzing Pennsylvania's burglary statute. The court found that Pennsylvania defined "occupied structure . . . broader than Congress's generic view of burglary," in part, because Pennsylvania burglary "extended to businesses, which are not always confined to structures made up of walls and a roof." *United States v. Bennett*, 100 F.3d 1105, 1109 (3d Cir. 1996). To illustrate why this definition made Pennsylvania's statute conflict with the definition in *Taylor*, the court cited *Commonwealth v. Hagan*, 654 A.2d 541, 541, 543–44 (Pa. 1995), which affirmed a burglary conviction for "unlawful entry of [a] fenced-off outdoor storage area. *Bennett*, 100 F.3d at 1109; *see also United States v. Davis*, 689 F.3d 349, 356–57 (4th Cir. 2012) (holding that a West Virginia burglary statute is broader than generic burglary as defined in *Taylor* after noting that West Virginia criminalizes entry of "industrial or public utility property enclosed by a fence").

This refusal by various Circuits to hold that generic burglary includes fenced-in areas is consistent with the Supreme Court's guidance, which acknowledged that a Florida burglary statute that encompassed curtilage took the statute "outside the definition of 'generic burglary' set forth in *Taylor*." *James v. United States*, 550 U.S. 192, 212–213 (2007) (holding that the statute nevertheless qualified as a predicate offense under the residual clause), *overruled by Johnson*, 135 S. Ct. at 2551. Of particular relevance, *James* noted that in Florida, curtilage "requir[es] 'some form of an enclosure,'" and a yard being surrounded by trees is insufficient to

10

render the area curtilage. *James*, 550 U.S. at 213 (quoting *State v. Hamilton*, 660 So.2d 1038, 1044 (Fla. 1995)). This language has been interpreted as stating that "curtilage is defined narrowly in Florida to require a fenced-in area." *United States v. Phillips*, 752 F.3d 1047, 1053 (6th Cir.) (Rogers, J., dissenting) ("When pilfering a few stray eggs from the fenced yard of a chicken coop is considered 'violent,' the term 'violent' becomes unmoored from its meaning. . . . Such a holding extends the ACCA far beyond the archetypal home invasion that Congress most likely contemplated . . . ."), *cert. denied*, 135 S. Ct. 464 (2014) (mem.).

In light of this authority, combined with Indiana's well-established holdings that a fence may be a "structure" under Indiana Code § 35-43-2-1, *McCovens*, 539 N.E.2d at 29, the Defendant's three burglary convictions may not be cited as ACCA predicate offenses.[4] *Mathis* dictates that section 35-43-2-1 is an indivisible statute that must be analyzed under the categorical approach. The possibility that a burglary conviction may be sustained when a defendant broke and entered a fenced-in area renders its locational element broader than that of generic burglary as defined in *Taylor*. Accordingly, this Indiana burglary statute joins the growing list of statutes from various states that are no longer predicate offenses under the ACCA. *United States v. Spencer*, Case No. 14-cr-322 (SRN/TNL), 2016 WL 4402799, at *1, *4 (D. Minn. Aug. 16, 2016) (holding that an Illinois burglary conviction is not a predicate offense under the ACCA and collecting cases where various states' burglary offenses have been held to no longer support an ACCA enhancement in light of *Mathis*).

---

[4] This result may appear to conflict with *Fisher v. United States*, Cause No. 3:16-CV-197 RLM, 2016 WL 2609579, at *2 (N.D. Ind. May 4, 2016) (dismissing a § 2255 motion because the defendant's burglary conviction under Indiana Code § 35-43-2-1 satisfies the definition of burglary in *Taylor*). However, *Fisher* was decided before *Mathis* and cited *Dawkins v. United States*, 809 F.3d 953, 954–56 (7th Cir. 2016), which only considered burglary under Illinois law. Further, *Fisher* did not analyze why section 35-43-2-1 fit within *Taylor's* definition, meaning that this Court cannot determine whether the unarticulated rationale in *Fisher* remains viable post-*Mathis*.

11

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's Motion to Dismiss 18 U.S.C. § 924(e) Allegations Contained in Count 1 and Count 2 [ECF No. 44].

SO ORDERED on August 24, 2016.

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION