# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:15-CR-35-TLS |
| ) | |
| JEREMY HANDSHOE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The Defendant, Jeremy Handshoe, has pled guilty to two counts of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He is awaiting sentencing. This matter is before the Court on the Defendant's Motion for Bond [ECF No. 69], in which he requests that he be released from custody and placed on United States Probation Department supervision pending the Court's imposition of his sentence. The basis for his request is that, having been detained since his arrest on June 25, 2015, he is nearing the 33-months that represent the high end of the advisory Guideline range. The Government opposes the Defendant's Motion.

The general rule concerning release pending sentencing is set forth at 18 U.S.C. § 3143(a)(1). That statute provides:

> **(a) Release or detention pending sentence.--(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1). A different standard applies to crimes of violence, offenses carrying a maximum sentence of life imprisonment or death, or drug crimes with a maximum term of ten years or more, *id.* § 3143(a)(2), which does not apply to the Defendant's offense.

The Defendant has not provided the Court with any evidence that would permit a finding, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety to the community if conditionally released. In the pretrial bond report, the probation officer found that there was no condition or combination of conditions that would reasonably assure the appearance of the Defendant and the safety of the community. The Defendant's history of engaging in criminal activity while under supervision, history of failure to appear, the nature of his federal offense, and his criminal history were all factors that were cited as relating to his risk of non-appearance and dangerousness. The Defendant has not presented any new facts to suggest that there are now conditions of release that would reasonably assure his appearance and protect the community from future crimes of the Defendant.

Instead, the Defendant's principal argument is that he close to serving the sentence the Court would likely impose for his offense. But it is not at all clear that the Defendant is nearing his time served. In fact, a very real possibility still exists that, instead of an advisory Guideline range of 27 to 33 months, the Defendant will be facing a statutory mandatory minimum of 15 years.[1] The deciding fact, whether his three prior convictions for Indiana Class C Burglary are qualifying crimes of violence under the Armed Career Criminal Act (ACCA), 18 U.S.C.

---

[1] According to the probation officer's inquiry with the Bureau of Prisons, a sentence of 27 months would have been completed on June 9, 2017, and a sentence of 33 months would be completed on November 15, 2017.

§ 924(e), may soon be decided by the Seventh Circuit. Over seven months ago, the appellate court heard oral argument on a case with the same issue. *See United States v. Perry*, No. 16-1635 (argued Nov. 9, 2016).

Additionally, the Government has asked this Court to reconsider its earlier ruling that the fifteen-year mandatory minimum does not apply, citing case law it had not previously cited. The Court's ruling was in response to a motion to dismiss the § 924(e) allegations from the Indictment. But "recidivism used to enhance a defendant's maximum penalty is not an element of the crime that must be charged in the indictment and proven to a jury beyond a reasonable doubt, but is instead a traditional sentencing factor decided by the judge." *United States v. Boswell*, 772 F.3d 469, 478 (7th Cir. 2014) (citing *Almendarez-Torres v. United States,* 523 U.S. 224, 239, 243–44 (1998)). Accordingly, it was not necessary to allege application of § 924(e) in the Indictment, and the Court may still find that the enhancement is warranted. If it does, the Court has no discretion to disregard the mandatory minimum. *See United States v. Nigg*, 667 F.3d 929, 933–35 (7th Cir. 2012) (rejecting argument that congressionally-mandated enhancements under the ACCA violate a defendant's constitutional rights).

Finally, the Court is not required to impose a Guideline range sentence. The Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 555 U.S. 350, 351 (2009); *see also United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010) (citing *Nelson*, and setting forth the two-step process that a sentencing court must engage in to determine a defendant's sentence). In imposing a sentence, § 3553(a) requires a court to consider the nature and circumstances of the offense and the history and characteristics

of the defendant, and impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing: adequately capturing the seriousness of the offense, providing just punishment, promoting respect for the law, affording adequate deterrence, protecting the public, and rehabilitating the defendant. In making this determination, a district court may not presume that the Guidelines sentence is the correct one. *Nelson*, 555 U.S. at 352; *Rita v. United States*, 551 U.S. 338, 351 (2007). Ultimately, a district court must make an independent determination, taking into account the types of sentences available, the other relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007).

There is no plea agreement in this case, so the Government has not agreed to recommend a Guideline sentence, nor can the Court imagine that the Government would recommend such a sentence given its position that the Defendant should be sentenced under the ACCA to, at minimum, fifteen years of imprisonment. Even if the Defendant's burglary convictions do not qualify as crimes of violence, they are nevertheless a factor in arriving at a sentence that is sufficient, but not greater than necessary, to meet the purposes set forth in § 3553(a).

**CONCLUSION**

For the reasons stated above, the Court DENIES the Defendant's Motion for Bond [ECF No. 69]. By separate entry, the Court will schedule the matter for a sentencing scheduling conference.

SO ORDERED on July 6, 2017.

                                                s/ Theresa L. Springmann
                                                CHIEF JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT