# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:15-CR-35-TLS<br>1:18-CV-379 |
| JEREMY HANDSHOE | |

**OPINION AND ORDER**

The Defendant, Jeremy Handshoe, pled guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and is serving a term of imprisonment of fifteen years, which is the statutorily required minimum sentence under the Armed Career Criminal Act (ACCA). The Defendant appealed his sentence, but the Seventh Circuit affirmed his sentence, finding that his prior convictions for Indiana burglary were qualifying convictions. *See United States v. Handshoe*, 740 F. App'x 104 (7th Cir. 2018). This matter is now before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 103], filed on November 19, 2018. The Defendant asserts that his counsel, who acted both as trial counsel and appellate counsel, rendered ineffective assistance because he did not advance an argument that Amendment 798 to the Sentencing Guidelines, which removed burglary as an enumerated crime of violence under U.S.S.G. § 4B1.2(a)(2), renders his sentence under the ACCA invalid.

The Government has filed a Response [ECF No. 106], arguing that the Defendant's Motion should be summarily denied because there is no merit to his claims of ineffective assistance of counsel.

# DISCUSSION

## A. Standard of Review

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is of jurisdictional or constitutional magnitude, or where there has been an error of law that "constitutes a fundamental defect which results in a complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). A motion under § 2255 "is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

In seeking to prove that his counsel rendered ineffective assistance, as the Defendant does here, he "bears a heavy burden." *Jones v. Page*, 76 F.3d 831, 840 (7th Cir. 1996) (citation omitted). To establish ineffective assistance of counsel, a petitioner must show that: (1) his attorney's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984); and (2) there is a reasonable probability that "but for counsel's unprofessional errors the result of the proceeding would have been different," *id.* at 694. "A failure to establish either prong results in a denial of the ineffective assistance of counsel claim." *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002) (citation omitted). If a defendant cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

The performance prong requires the Defendant to specifically identify acts or omissions that form the basis of his claim of ineffective assistance. *Strickland*, 466 U.S. at 690. Based on the totality of the circumstances, the Court must then determine whether the identified acts and omissions fall outside the range of professionally competent assistance. *Id.* In assessing whether counsel's deficiency caused prejudice, the question is whether it is "reasonably likely" that the outcome would have been different. *Harrington v. Richter*, 562 U.S. 86, 111 (2011) (quoting *Strickland*, 466 U.S. at 696). "The likelihood of a different result must be substantial, not just conceivable." *Id.* (citing *Strickland*, 466 U.S. at 693).

**B.     ACCA and the Guidelines**

A violation of 18 U.S.C. § 922(g)(1) ordinarily carries a maximum ten-year term of imprisonment. However, the ACCA, 18 U.S.C. § 924(e), requires a fifteen-year minimum sentence be imposed for any defendant with three or more prior convictions committed on occasions different from one another that are a "serious drug offense" or a "violent felony." The term "violent felony" includes "burglary." 18 U.S.C. § 924(e)(2)(B)(ii). However, "a state's label is not dispositive," so a conviction counts as burglary only if it "meets a federal definition of 'generic burglary.'" *Smith v. United States*, 877 F.3d 720, 721 (7th Cir. 2017).

In relation to his sentence, the Defendant, through counsel, argued that he did not qualify for the ACCA's enhanced penalties. He reasoned that Indiana burglary is not "generic burglary" because it allows for convictions based on breaking and entering outdoor fenced areas. Although the Court originally agreed with this rationale, on July 6, 2017, the Seventh Circuit issued an opinion in *United States v. Perry*, 862 F.3d 620 (7th Cir. 2017), that foreclosed the Defendant's argument. In *Perry*, the court held that the inclusion of wholly enclosed fenced areas did not take

3

Indiana burglary outside burglary's generic definition. *Id.* at 622–24. Accordingly, the Defendant's Presentence Investigation Report (PSR) was revised to show that the Defendant was an Armed Career Criminal under the statute, and to calculate his sentence under Guideline section 4B1.4.

The Defendant filed additional pleadings objecting to the PSR's conclusion and arguing that *Perry* was wrongly decided. (*See* ECF Nos. 77, 79, 81, 91.) At sentencing, the district court overruled the Defendant's objections in light of *Perry* and *United States v. Foster*, 877 F.3d 343 (7th Cir. 2017) (holding that *Perry* covers both Indiana Class C and Indiana Class B burglary). The Court then imposed the mandatory minimum sentence of fifteen years. The Defendant, through the same counsel who represented him during sentencing, unsuccessfully advanced on direct appeal the same arguments regarding his burglary convictions and armed career criminal status.

In the present Motion attacking his sentence, the Defendant claims that his counsel was ineffective because he was not aware that Amendment 798 to the Guidelines, as well as U.S.S.G. § 4A1.2(e), dictated a different outcome regarding his 1997 and 2007 convictions for burglary of a dwelling. The Defendant is mistaken. Neither Amendment 798 nor § 4A1.2 are pertinent to whether he qualifies for the fifteen-year mandatory minimum set forth in 18 U.S.C. § 924(e).

Amendment 798 did indeed remove burglary as an enumerated offense that would qualify as a predicate "crime of violence" under the United States Sentencing Guidelines. This "Career Offender Guideline" applies to a defendant "ha[ving] at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1 (Career Offender Guideline). Trial counsel did not mention § 4B1.1, or Amendment 798's changes to the definitions applicable under § 4B1.2, because the Defendant's PSR did not apply § 4B1.1 to

calculate his guideline range. The Career Offender Guideline only applies, in the first instance, to a "crime of violence" or "controlled substance offense." *See* U.S.S.G. § 4B1.1(a). The Defendant's conviction under 18 U.S.C. § 922(g) is neither a crime of violence nor a controlled substance offense. Rather, the enhancement that was applied, § 4B1.4 (Armed Career Criminal), was due to the application of 18 U.S.C. § 924(e). Additionally, the age of the prior conviction under the ACCA is irrelevant. *See* U.S.S.G. § 4B1.4, Application Note 1 (describing some differences between the Guideline section applicable to a defendant subject to an enhanced sentence under 18 U.S.C. § 924(e) and the Career Offender Guideline section.) Section 4A1.2(a), which provides instructions for computing criminal history, only applies to whether points are attached to a conviction for purposes of determining a defendant's criminal history category or to whether a conviction qualifies as prior felony conviction under the Career Offender Guideline.

The Defendant's arguments about his attorney's performance does not take into account the distinction between the Sentencing Guideline provisions and the ACCA. Because any objection or appeal based on Amendment 798, or any other section of the Guidelines that does not apply to the ACCA, would have been futile as an attempt to reduce his statutory mandatory minimum, the standards of *Strickland* have not been met. *See United States v. Carter*, 355 F.3d 920, 924 (7th Cir. 2004) ("First, counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Second, it is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome.").

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the Defendant has failed to show that reasonable jurists would find this Court's "assessment of the constitutional

claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore declines to issue a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 103] and declines to issue a Certificate of Appealability.

SO ORDERED on April 17, 2019.

                                                s/ Theresa L. Springmann
                                              CHIEF JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT