UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:15-CR-35-HAB |
| | ) | |
| JEREMY HANDSHOE | ) | |

**OPINION AND ORDER**

Defendant has filed his second motion for compassionate release. (ECF No. 124). He cites a change in the law, his family circumstances, and the length of his sentence as extraordinary and compelling reasons for release. (*Id*. at 1). The Government has filed a response (ECF No. 129), arguing that Defendant has failed to exhaust his administrative remedies. The time for Defendant to file a reply has passed without action.[1] Because the Court finds that the Government has properly asserted Defendant's failure to exhaust administrative remedies, Defendant's motion will be denied.

**A.      Defendant's Conviction**

Defendant was indicted on June 24, 2015, with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e). The indictment stemmed from two different instances when Defendant, a convicted felon, sold firearms to a confidential informant. Defendant pleaded guilty and was sentenced to 180 months' imprisonment. The significant sentence reflected Defendant's status as an armed career criminal.

---

[1] It is likely that Defendant did not receive the order setting a reply deadline, as that order was returned as undeliverable. (ECF No. 131). But all litigants, pro se or otherwise, have a duty to keep the Court up-to-date on their contact information and to independently monitor the docket. *United States v. $9,171.00 United States Currency*, Case No. 1:16-cv-483-TWP-MJD, 2019 WL 1996930, at *1 (S.D. Ind. June 21, 2019).

B.  **Legal Discussion**

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. For most of the life of the COVID-related compassionate release phenomenon, there was considerable confusion as to whether exhaustion of remedies was jurisdictional, a claims-processing rule, or wholly unnecessary. That confusion was resolved, at least in this circuit, by the Seventh Circuit's decision in *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021). There, the Court answered affirmatively the question of "whether the exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense (*see* ECF No. 129 at 5), a defendant must demonstrate that he has presented his request for release to the warden at his facility, and either: (1) he has exhausted

administrative appeals (if the request was denied); or (2) he has waited "30 days from the receipt of such a request by the warden of the defendant's facility" to seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A). Exhaustion is required each time a defendant seeks compassionate release. *United States v. Cain*, 2021 WL 388436 at *4 (D. Maine Feb. 3, 2021) (collecting cases).

Defendant has plainly failed to demonstrate exhaustion. He did not mention any request to the warden in his motion. And the Government has submitted documents from the BOP showing that no request was made. The Court must invoke the exhaustion requirement here.

**C.     Conclusion**

For these reasons, Defendant's second motion for compassionate release (ECF No. 124) is DENIED.

SO ORDERED on August 5, 2024.

         s/ *Holly A. Brady*
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT